**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID H. COX** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:** |
| **vs.** | ) | |
| | ) | |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON d/b/a LINCOLN FINANCIAL GROUP** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**
**EMPLOYEE RETIREMENT INCOME SECURITY ACT**

COMES NOW Plaintiff David H. Cox, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq*., and for his cause of action against Defendant Lincoln Life Assurance Company of Boston d/b/a/ Lincoln Financial Group (hereinafter "Lincoln" or "Defendant"), respectfully states the following:

## Introduction

1. Plaintiff David H. Cox (hereinafter "Plaintiff" or "Mr. Cox") brings this action, against Lincoln for damages caused by the Defendant's breach of statutory, contractual, and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2. Mr. Cox seeks recovery and payment of benefits due under an employee benefits plan, statutory penalties, and costs and attorney's fees associated with this action, as provided by ERISA.

3. This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

4. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and Defendant resides or are found in this district.

**Parties**

5. Mr. Cox is an individual residing in the Eastern District of Missouri. He is a vested participant in a Group Insurance Policy for certain employees of Centene Management Company (hereinafter "Centene"), which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a).

6. Mr. Cox has standing to bring this action as a beneficiary under 29 U.S.C. §1132(a).

7. Lincoln provides short-term and long-term disability coverage for certain employees of Centene under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002. Specifically, Lincoln provides short-term ("STD") and Long-Term Disability ("LTD") insurance benefits.

8. Lincoln is an insurance company incorporated in North Carolina and is doing business in Missouri under a license to do business as a Foreign Insurance Company.

9. Lincoln administers and pays benefits under the terms of the LTD plan and is a fiduciary within the meaning of 29 U.S.C. §1002(16).

10. Lincoln both decides a beneficiary's right to benefits and then pays those benefits under the plan.

11. Centene serves as the plan administrator and sponsor under the meaning of 29 U.S.C. § 1002(16).

**Facts**

12. Mr. Cox was an employee of Centene when he became disabled and unable to perform the duties of his own occupation of application software engineer.

13. Mr. Cox's date of disability is May 14, 2021.

14. Mr. Cox became disabled due to physical restrictions and limitations caused by migraines, chronic back pain, depression, and severe and persistent asthma.

15. Mr. Cox submitted a claim for STD benefits on May 18, 2021.

16. Pursuant to 29 C.F.R. 2560.503-1(f) Lincoln had 45 days to determine and issue its decision regarding STD benefits.

17. Lincoln denied Mr. Cox's claim STD benefits on November 12, 2021, (178 days after Mr. Cox submitted his claim, and 133 days after the deadline for Lincoln to decide his initial claim).

18. Lincoln, in a communication to Centene, stated that Mr. Cox's estimated return to work date was January 1, 2050.

19. On May 13, 2022, Mr. Cox submitted an appeal of the denial of STD benefits. In support of that denial, Mr. Cox supplied medical records and opinions of treating physicians that expressly stated that Mr. Cox had sub sedentary functionality due to his conditions.

20. Prior to submitting his May 13, 2022, appeal, Mr. Cox applied for LTD benefits.

21. On May 31, 2022, Lincoln issued a partial approval and partial denial of the May 13, 2022, appeal: awarding benefits for the period of September 16, 2021 to October 29, 2021, and stating that further review was need for approval of benefits beyond November 1, 2021.

22. A conflicting letter was also sent on May 31, 2022, indicating that Lincoln was only approving benefits for the period of September 16, 2021 through October 13, 2021.

23. No reference to Mr. Cox's claim for LTD benefits is made in either May 31, 2022, letter.

24. No express denial of continued benefits is made in either May 31, 2022, letter.

25. Following the inconsistent letters of May 31, 2021, Lincoln continued investigating Mr. Cox's claims for STD and LTD benefits.

26. At some point in June of 2022 Lincoln informs Mr. Cox that it is denying his STD benefits.

a. As will be discussed further below, the actual denial letter is not contained in the claim file produced to undersigned counsel on May 15, 2024, and again on July 17, 2024.

b. The actual date of the denial correspondence is in dispute as Lincoln references a July 9, 2022, denial in correspondence dated May 31, 2023, and Mr. Cox references a July 17, 2022, denial in his January 7, 2023 appeal.

27. On January 7, 2023, Mr. Cox submits a written appeal regarding his claim for LTD and STD benefits.

28. In support of this appeal Mr. Cox submitted substantial medical records and opinions of treating physicians that prove that Mr. Cox has a sub sedentary standard of functionality.

29. Pursuant to 29 C.F.R. 2560.503-1(h) Lincoln had 45 days to decide this appeal.

30. On My 31, 2023, (144 days after the appeal was submitted, and 99 days after a determination on the appeal was due) Lincoln issued a denial of the appeal.

31. The May 31, 2023, denial letter contained no reference to Mr. Cox's claim for LTD benefits.

32. On May 14, 2024, undersigned counsel requested a copy of the claim file relating to Mr. Cox's claims STD and LTD benefits, including, but not limited to, all governing plan documents, correspondence between Lincoln and Mr. Cox and any third party, and all evidence relied upon to decide Mr. Cox's claim.

33. On May 15, 2024, Lincoln produced a copy of the documents requested.

34. None of the following were included in the "claim file" produced by Lincoln on May 15, 2024: (1) Any governing plan documents; (2) any policies and guidelines instructing Lincoln how to decide Mr. Cox's claims; (3) the July 2022 STD denial letter; nor (4) Mr. Cox's application or any other documents relating to Mr. Cox's claim for LTD benefits.

35. The undersigned requested a second copy of the claim file on July 17, 2024.

36. Lincoln produced another copy of the claim file on the same date.

37. The copy of the claim file produced on July 17, 2024, had the same deficiencies as the production of May 15, 2024, outlined in paragraph 34 above.

38. Mr. Cox has never received any express denial of his claim for LTD benefits.

**Lincoln's Failure to Implement Claims Procedures Consistent with 29 C.F.R. 2560.503-1**

39. As an ERISA Plan administrator Lincoln is required to implement claims policy and procedures to guarantee a full and fair review of claims.

40. In order to accomplish that, Lincoln must comply with the minimum plan procedures outlined in 29 C.F.R. §2560.503-1.

41. Lincoln has failed to implement such procedures as demonstrated by its actions in the review of Mr. Cox's claims for STD and LTD benefits.

42. Lincoln's violations included, but are not limited to, the following:

a. Lincoln violated 29 C.F.R. § 2560.503-1(f) by failing to decide Mr. Cox's claim for STD benefits within 45 days of receiving the same.

b. Lincoln violated 29 C.F.R. § 2560.503-1(g) by not notifying Mr. Cox in writing of the denial of STD benefits in July of 2022.

c. Lincoln violated 29 C.F.R. § 2560.503-1(h) by taking longer than 45 days to decide Mr. Cox's January 1, 2023 appeal.

d. Lincoln violated 29 C.F.R. § 2560.503-1 by failing to notify Mr. Cox in writing of the denial of his LTD benefits and/or his right to appeal such a denial.

e. Lincoln violated 29 C.F.R. § 2560.503-1 by failing to produce requested documents.

f. Lincoln violated 29 C.F.R. § 2560.503-1(b)(5) as it could not verify if it did not have the plan documents

g. Lincoln violated 29 C.F.R. § 2560.503-1(b)(7) because its employees and retained reviewers were financially incentivized to return opinions to support denial of benefits and/or deny benefits.

**<u>Standard of Review</u>**

43. Lincoln has an inherent conflict of interest as both the decider and payor of benefits under the Plan.

44. Lincoln has failed to implement claims procedures consistent with those required by 29 C.F.R. § 2560.503-1, these failures constitute procedural irregularities.

45. Lincoln's failure to make a timely determination and or communicate the denial of Mr. Cox's claim for LTD benefits constitutes a denial and exhaustion of all administrative remedies without the use of discretion.

46. Because of the conflict of interest and the procedural irregularities identified above this Court is to review the denial of STD benefits under the modified abuse of discretion standard of review.

47. Because Lincoln has failed to timely make a decision on Mr. Cox's LTD claim the review of the constructive denial of LTD benefits is to be reviewed *de novo*.

**COUNT I**
**Wrongful denial of STD Benefits pursuant 29 U.S.C. § 1132(a)(1)(b)**

48. Mr. Cox incorporates by reference all allegations set forth in paragraphs 1-47 as if fully set forth herein.

49. Mr. Cox is entitled to STD benefits under the terms of the Plan, in that he is unable – due to sickness or injury – to perform the duties of any gainful occupation for which he is reasonably fitted by education, training, or experience.

50. Mr. Cox has provided substantial medical evidence demonstrating that he has been continuously and totally disabled under the terms of the Plan.

51. Despite the evidence that Mr. Cox is disabled under the Plan, Lincoln has denied STD benefits.

52. As a result of Lincoln's wrongful denial of benefits, Mr. Cox has been damaged in the amount of unpaid benefits.

53. Lincoln's denial of Mr. Cox's STD benefits was arbitrary and capricious, and not based on substantial evidence.

54. Lincoln is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees, and costs.

**WHEREFORE,** Plaintiff David H. Cox respectfully prays for judgment against Defendant Lincoln Life Assurance Company of Boston d/b/a/ Lincoln Financial Group in the amount of

unpaid STD benefits, for attorney's fees and costs, and for any other such relief as the court deems just and proper.

**COUNT II**
**Wrongful denial of LTD Benefits pursuant 29 U.S.C. § 1132(a)(1)(b)**

55. Mr. Cox incorporates by reference all allegations set forth in paragraphs 1-47 as if fully set forth herein.

56. Mr. Cox is entitled to LTD benefits under the terms of the Plan, in that he is unable – due to sickness or injury – to perform the duties of any gainful occupation for which he is reasonably fitted by education, training, or experience.

57. Mr. Cox has provided substantial medical evidence demonstrating that he has been continuously and totally disabled under the terms of the Plan.

58. Lincoln has failed to make a timely determination of Mr. Cox's claim for LTD benefits and/or has failed to communicate the denial of that claim to Mr. Cox.

59. Alternatively, Lincoln has constructively denied Mr. Cox's claim for LTD benefits by denying his claim for LTD benefits (which took over two years to process) which requires a similar and definitions of disability.

60. As a result of Lincoln's wrongful denial of benefits, Mr. Cox has been damaged in the amount of unpaid benefits.

61. Lincoln's denial of Mr. Cox's LTD benefits was not supported by a preponderance of the evidence.

62. Lincoln is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees, and costs.

**WHEREFORE,** Plaintiff David H. Cox respectfully prays for judgment against Defendant Lincoln Life Assurance Company of Boston d/b/a/ Lincoln Financial Group in the amount of unpaid past benefits, for an Order that Defendant begins future long-term disability and optional disability benefits payments to Plaintiff under the terms of the Plan, for attorney's fees and costs, and for any other such relief as the court deems just and proper.

## COUNT III
## BREACH OF FIDUCIARY DUTY PURSUANT TO 29 U.S.C. § 1132(a)(3)

63. Mr. Cox incorporates by reference all allegations set forth in paragraphs 1-47 as if fully set forth herein.

64. Mr. Cox brings this claim against Lincoln under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which permits a participant to bring an action to enjoin any act or practice which violates ERISA or the terms of the plan or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the Plan.

65. Lincoln is a Plan Administrator under the plan.

66. As a Plan Administrator, Lincoln both decides a beneficiary's right to benefits and pays those benefits thereby Lincoln bears an inherent conflict of interest.

67. Section 29 U.S.C. § 1104 codifies the fiduciary duties that LINCOLN as Plan administrator owes to beneficiaries like Mr. Cox, they are the Duty of Loyalty and the Duty of Prudence.

68. The duty of loyalty requires the plan administrator to convey complete and accurate information material to the beneficiaries right to benefits under the plan

69. The duty of prudence requires the plan administrator to act as a reasonably prudent claims adjuster would in the circumstances.

70. ERISA § 503, 29 U.S.C. § 1133 requires that every employee benefit plan must:

a. provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant; and

b. afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

71. 29 C.F.R. § 2560.503-1 codifies the plan procedures that are required to be implemented in every ERISA governed plan in order to guarantee that Plan administrators fulfill their fiduciary duties and provide a full and fair review of all claims made under an ERISA governed plan.

72. Lincoln failed to adequately implement claims procedures that complied with 29 C.F.R. § 2560.503-1 and as a result, breached the dual fiduciary duties it owed Mr. Cox, in the following, but not limited to, ways:

a. Failed to implement claims procedures that met the requirements of § 2560.503-1.

b. Failed to timely communicate to Mr. Cox his right to LTD benefits...

c. Failed to timely communicate to Mr. Cox that his LTD benefits had been denied.

d. Failed to timely decide claims for benefits and appeals of denials.

e. Ignored evidence provided by his physicians.

f. Filed to provide a full and fair review.

g. Failed to shield its employees and retained "experts" from its inherent conflict of interest.

73. The above breaches are the byproduct of a review process that is not compliant with 29 CFR § 2560.503-1, which results in an exacerbation of the inherent conflict of interest of LINCOLN being both the decider and payer of benefits and permits Lincoln to routinely breach the fiduciary duties it owes to beneficiaries such as Mr. Cox.

74. The breaches were also the byproduct of Lincoln's arbitrary and inconsistent interpretation of plan provisions that were made to the detriment of Mr. Cox and in favor of Lincoln and Lincoln's financial interest in denying Mr. Cox's claims.

75. As a result of Lincoln's breaches of the dual fiduciary duties of loyalty and prudence owed to Mr. Cox under ERISA, Mr. Cox suffered actual harm, as he was denied benefits to which he was entitled under the Plan, he incurred attorneys' fees and costs, and he suffered other financial losses.

76. Lincoln breached its fiduciary duties under ERISA § 404, 29 U.S.C. § 1104, insofar as it failed to discharge its duties handling Mr. Cox's benefits claim in a careful, skillful, and diligent manner.

**WHEREFORE**, Plaintiff David H. Cox respectfully prays that this Court:

1) Grant judgment in his favor and against Defendant on all claims;
2) Order that Defendant pay restitution for all benefits that Mr. Cox is entitled to but for the Lincoln's breaches of fiduciary duties;
3) Declare Plaintiff's rights under the terms of the Plan, and clarify his rights to future benefits under the terms of the Plan;
4) Enjoin Defendant to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1;

5) Enjoin Defendant to discharge its fiduciary duties in accordance with 29 U.S.C. § 1104;
6) Order restitution or surcharge to disgorge Defendant's unjust enrichment in wrongfully delaying and denying benefits and/or to make Plaintiff whole for losses, and payment of his attorneys' fees caused by Defendant's violation of 29 U.S.C. § 1133 and breach of fiduciary duty;
7) Order that Defendant pay the costs of suit, including Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and
8) Award all such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**DAVIS OLSZESKI, L.L.P.**

*/s/ Adam J. Olszeski*
Matthew R. Davis #MO58205
Adam J. Olszeski #MO66126
Gallagher Davis, LLP
2704 Locust St., Ste 202
St. Louis, MO 63103
P: (314) 876-776
F: (314) 876-7877
matt@dodisabilitylaw.com
adam@dodisabilitylaw.com