**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID H. COX,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00984-SEP |
| | ) | |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON d/b/a LINCOLN FINANCIAL GROUP** | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Lincoln Life Assurance Company of Boston d/b/a Lincoln Financial Group,[1] ("Lincoln") files this, its Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff David H. Cox ("Plaintiff"), and states as follows:

Lincoln admits that by this action, Plaintiff is seeking recovery of long-term disability ("LTD") benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in the introductory Paragraph of the Complaint.

1. Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits from an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any

[1] The correct Defendant in this action is The Lincoln National Life Insurance Company. There is no entity named "Lincoln Financial Group," as that is the marketing name for Lincoln National Corporation and its affiliates. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston was the issuer of the relevant disability insurance policy. However, Lincoln Life Assurance Company of Boston has merged with, and is now known as, The Lincoln National Life Insurance Company. Accordingly, "The Lincoln National Life Insurance Company" is the correct Defendant in this action.

such relief or recovery. Lincoln admits Plaintiff's claims are governed by ERISA. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits, along with other damages, from an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits the Court has jurisdiction over this action under ERISA. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that venue is proper in this District and Division. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

**Parties**

5. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln admits Plaintiff was, at certain times, employed by Centene Management Company, LLC ("Centene"). Lincoln admits that Plaintiff was, at certain times, a participant in the Centene Management Company, LLC Long Term Disability Plan (the "LTD Plan") sponsored by Centene and that the LTD Plan is an employee benefit plan as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. To the extent that the allegations contained in Paragraph 6 constitute legal conclusions, Lincoln is not required to answer such allegations. To the extent a response is required, Lincoln admits that Plaintiff was, at certain times, a participant in the LTD Plan

sponsored by Centene and that such welfare plan is an employee benefit plan as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that the Centene Management Company, LLC Short Term Disability Plan (the "STD Plan") was self-funded by Centene and that, at certain times, Lincoln provided certain services pertaining to claims for short term disability benefits under the terms of a contract between Centene and Lincoln. Lincoln admits it issued Group Disability Income Policy No. GF3-840-445197-01 (the "Policy") to Centene, which Policy, at certain times, insured certain benefits paid by the LTD Plan sponsored by Centene and that the LTD Plan is an employee benefit plan as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits it is an Indiana Corporation and that it is lawfully authorized to do business in Missouri. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln admits it issued the Policy to Centene, which Policy, at certain times, insured certain benefits paid by the LTD Plan. To the extent that the allegations contained in Paragraph 9 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan

Administrator of the LTD Plan. Lincoln admits it issued the Policy to Centene, which Policy, at certain times, insured certain benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits the allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits Plaintiff was, at certain times, employed by Centene as an application Software Developer. Lincoln admits that the relevant plan document includes language pertaining to the definition of "Disabled" and "Disability" as applicable to a participant's claim for benefits from the STD Plan and that the Policy includes language pertaining to the definition of "Disabled" and "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the plan documents and Policy themselves as the best evidence of their contents. To the extent that the allegations contained in Paragraph 12 seek to interpret provisions of plan documents or the Policy, Lincoln refers to the plan documents and Policy themselves as the best evidence of their contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits Plaintiff's last day at work at Centene was May 14, 2021. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence

of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. To the extent that the allegations contained in Paragraph 16 constitute legal conclusions, Lincoln is not required to answer such allegations. To the extent a response is required, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits it sent a letter to Plaintiff dated November 12, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that various communications between Lincoln and Centene are contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the STD Plan, along with additional documentation, which are contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln denies all allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits it sent a letter to Plaintiff dated May 31, 2022, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits it sent letters to Plaintiff dated May 31, 2022, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits it sent letters to Plaintiff dated May 31, 2022, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits it sent letters to Plaintiff dated May 31, 2022, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits it sent letters to Plaintiff dated May 31, 2022, and July 9, 2022, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits it sent letters to Plaintiff dated July 9, 2022, and May 31, 2023, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits it received a letter from Plaintiff dated January 7, 2023, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 and 26 a-b of the Complaint.

27. Lincoln admits it received a letter from Plaintiff dated January 7, 2023, appealing the denial of Plaintiff's claim for further benefits from the STD Plan, along with additional documentation, which are contained in the administrative record regarding Plaintiff's claim for

benefits from the STD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the STD Plan, along with additional documentation, which are contained in the administrative record regarding Plaintiff's claim for benefits from the STD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. To the extent that the allegations contained in Paragraph 29 constitute legal conclusions, Lincoln is not required to answer such allegations. To the extent a response is required, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits it sent a letter to Plaintiff dated May 31, 2023, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits it sent a letter to Plaintiff dated May 31, 2023, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits it received a letter from Plaintiff's counsel dated May 14, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits the allegations contained in Paragraph 33 of the Complaint.

34. Lincoln denies the allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits the allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits the allegations contained in Paragraph 36 of the Complaint.

37. Lincoln denies the allegations contained in Paragraph 37 of the Complaint.

38. Lincoln denies that it received a claim from Plaintiff for benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. To the extent that the allegations contained in Paragraph 40 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 42 and 42 a-g of the Complaint.

43. Lincoln admits that the STD Plan was self-funded by Centene and that, at certain times, Lincoln provided certain services pertaining to claims for short term disability benefits under the terms of a contract between Centene and Lincoln. Lincoln admits it issued the Policy to Centene, which Policy, at certain times, insured certain benefits paid by the LTD Plan sponsored by Centene. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln denies that it received a claim from Plaintiff for benefits from the LTD Plan. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits that the standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the STD Plan was an abuse of discretion. Lincoln further admits only that the STD Plan was self-funded by Centene and that, at certain times, Lincoln provided certain services pertaining to claims for short term disability benefits under the terms of a contract between Centene and Lincoln. Lincoln denies that it was the payor of benefits for claims under the STD Plan and denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln denies that it received a claim from Plaintiff for benefits from the LTD Plan. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 47 of the Complaint.

## Count I
## Denial of STD Benefits Pursuant to 29 U.S.C. §1132(a)(1)(b)

48. Lincoln incorporates its responses to Paragraphs 1-47 by reference as if fully set forth herein.

49. Lincoln admits that Plaintiff was, at certain times, employed by Centene and a participant in the STD Plan. Lincoln admits that the relevant plan document includes language pertaining to the definition of "Disabled" and "Disability" as applicable to a participant's claim for benefits from the STD Plan, but Lincoln refers to the plan documents themselves as the best evidence of their contents. To the extent that the allegations contained in Paragraph 49 seek to

interpret provisions of the STD Plan documents, Lincoln refers to the plan documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that the relevant plan document includes language pertaining to the definition of "Disabled" and "Disability" as applicable to a participant's claim for benefits from the STD Plan, but Lincoln refers to the plan documents themselves as the best evidence of their contents. To the extent that the allegations contained in Paragraph 50 seek to interpret provisions of the STD Plan documents, Lincoln refers to the plan documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that the relevant plan document includes language pertaining to the definition of "Disabled" and "Disability" as applicable to a participant's claim for benefits from the STD Plan, but Lincoln refers to the plan documents themselves as the best evidence of their contents. To the extent that the allegations contained in Paragraph 51 seek to interpret provisions of the STD Plan documents, Lincoln refers to the plan documents themselves as the best evidence of their contents. Lincoln admits that it sent letters to Plaintiff dated July 9, 2022, and May 31,

2024, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits that by this action, Plaintiff is seeking recovery of STD benefits, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint and denies Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph thereafter.

## Count II
## Denial of LTD Benefits Pursuant to 29 U.S.C. §1132(a)(1)(b)

55. Lincoln incorporates its responses to Paragraphs 1-54 by reference as if fully set forth herein.

56. Lincoln denies that it received a claim from Plaintiff for benefits from the LTD Plan. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln denies that it received a claim from Plaintiff for benefits from the LTD Plan. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln denies that it received a claim from Plaintiff for benefits from the LTD Plan. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln denies that it received a claim from Plaintiff for benefits from the LTD Plan. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln denies that it received a claim from Plaintiff for benefits from the LTD Plan. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. Lincoln denies that it received a claim from Plaintiff for benefits from the LTD Plan. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln denies that it received a claim from Plaintiff for benefits from the LTD Plan. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 62 of the Complaint and denies Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph thereafter.

## COUNT III
## Breach of Fiduciary Duty Pursuant to 29 U.S.C. §1132(a)(3)

63. Lincoln incorporates its responses to Paragraphs 1-62 by reference as if fully set forth herein.

64. Lincoln admits that by this action, Plaintiff is seeking recovery of STD and LTD benefits from an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the LTD Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln admits it issued the Policy to Centene, which Policy, at certain times, insured certain benefits paid by the LTD Plan. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the LTD Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 66 of the Complaint.

67. To the extent that the allegations contained in Paragraph 67 constitute legal conclusions, Lincoln is not required to answer such allegations. To the extent a response is required, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 68 of the Complaint.

69. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 69 of the Complaint.

70. To the extent that the allegations contained in Paragraph 70 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies that it violated any

provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 70 and 70 a-b of the Complaint.

71. To the extent that the allegations contained in Paragraph 71 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 71 of the Complaint.

72. To the extent that the allegations contained in Paragraph 72 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 72 and 72 a-g of the Complaint.

73. To the extent that the allegations contained in Paragraph 73 constitute legal conclusions, Lincoln is not required to answer such allegations. To the extent a response is required, Lincoln admits that the STD Plan was self-funded by Centene and that, at certain times, Lincoln provided certain services pertaining to claims for short term disability benefits under the terms of a contract between Centene and Lincoln. Lincoln specifically denies that it was the payor of benefits for claims under the STD Plan. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy and that it issued the Policy to Centene, which Policy, at certain times, insured certain benefits paid by the LTD Plan. Lincoln denies, however, that it received a claim for benefits from the LTD Plan under the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 73 of the Complaint.

74. Lincoln admits that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for benefits from the STD Plan was evaluated

by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln further admits only that the STD Plan was self-funded by Centene and that, at certain times, Lincoln provided certain services pertaining to claims for short term disability benefits under the terms of a contract between Centene and Lincoln. Lincoln specifically denies that it was the payor of benefits for claims under the STD Plan. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 74 of the Complaint.

75. Lincoln admits that by this action, Plaintiff is seeking recovery of STD benefits and LTD benefits, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 75 of the Complaint.

76. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies the allegations contained in Paragraph 76 of the Complaint and denies Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph thereafter.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claim for breach of fiduciary duty against Lincoln fails as a matter of law due to the availability of a claim for recovery of benefits under ERISA.

3. The damages, if any, claimed by Plaintiff are limited to those available under ERISA, and Plaintiff may not recover statutory or other penalties from Lincoln.

4. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the STD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

5. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan and the STD Plan, which requires offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

6. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim for benefits under the STD Plan or during the administrative review process.

7. Plaintiff has failed to exhaust administrative remedies with regard to Plaintiff's claim for benefits from the LTD Plan under the Policy, in that Plaintiff has not submitted a claim for benefits under LTD Plan.

8. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

9. Plaintiff has failed to state a claim for relief upon which statutory penalties may be awarded to Plaintiff or recovered from Lincoln.

10. Lincoln is not an entity from which statutory penalties under 29 U.S.C. § 1132 can be assessed or from which such statutory penalties may be recovered.

11. Lincoln reserves the right to assert additional defenses.

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein and for such other and further relief as the Court deems proper.

Respectfully submitted,

By: */s/ Iwana Rademaekers*

Iwana Rademaekers (MOED Bar # 16452560T)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 30th day of October 2024 to be served by operation of the Court's electronic filing system upon the following:

Matthew R. Davis, #MO58205
Email: matt@gallagherdavis.com

Adam J. Olszeski, #MO66126
Email: adam@gallagherdavis.com

*Attorneys for Plaintiff*

/s/ *Iwana Rademaekers*
Iwana Rademaekers