**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID H. COX,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00984-SEP |
| | ) | |
| **LINCOLN LIFE ASSURANCE** | ) | |
| **COMPANY OF BOSTON d/b/a** | ) | |
| **LINCOLN FINANCIAL GROUP** | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PROPOSED SCHEDULING PLAN**

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Proposed Scheduling Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order entered on November 18, 2024, scheduling the Rule 16 Conference (Doc. 13). The parties conferred regarding this Joint Proposed Scheduling Plan on January 16, 2025.

(a) The Track Assignment (Track 2, Standard) has been appropriately assigned.

(b) All motions for joinder of additional parties or amendment of pleadings shall be filed no later than January 30, 2025.

(c) Plaintiff believes discovery is available in this case. It is Defendants' position that in this ERISA-governed action, only limited discovery is permitted. Without in any way waiving their position, or the applicability of Fed.R.Civ.P. 26(a)(1)(B)(i) to the instant case, which Defendants believe will be decided based on review of the administrative record, Defendants join Plaintiff in proposing the deadlines set forth below, including discovery deadlines, in the event

any discovery is permitted over defendant's objections. To the extent that discovery is permitted by the Court, the parties propose the following:

(i) Initial production of responsive documents, including electronically stored information, shall be in the format most convenient to the producing party. If the requesting party determines that it needs items in a different format or in native format, it may make a request for such production, pursuant to applicable law, and the parties will address this issue at the time the request is made.

(ii) Should there be any issue regarding claims of privilege or of protection of documents as trial-preparation materials after production, the parties anticipate they will be able to resolve these through agreement.

(iii) Defendant will produce a copy of the bates numbered insurance claim file that will serve as the administrative record in this matter no later than January 30, 2025. The parties agree that this production will satisfy the requirement for Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(B).

(iv) Unless otherwise stipulated or granted leave by the Court upon notice of motion, the parties agree to the limitations for depositions in Rules 30(a)(2)(A) and 30(d)(1) and for interrogatories set forth in Rule 33(a). It is Defendants' position that discovery is limited to production of the administrative record, including applicable Plan Documents.

(v) If the parties are unable to agree to the extent that discovery is permitted beyond the administrative record Plaintiff will file a motion for additional discovery no later than March 3, 2025, wherein he states what limited discovery he is seeking, why it is necessary, and the legal reasons that discovery is permissible under ERISA. Defendant will have 30 days from the filing of such a motion to respond. Plaintiff will have 14 days from the filing of the responses to file a reply, if one is warranted.

(vi) Parties do not anticipate any expert witnesses in this ERISA case.

(vii) Should any discovery be permitted in this action, the parties agree to limit the number of depositions to one (1) and the limit of twenty-five (25) interrogatories per party, as set forth in Fed. R. Civ. P. 33(a) should apply.

(viii) It is not anticipated that any physical or mental examination of any party will be requested.

(ix) All discovery, if any is required or permitted, will be completed by 90 days from the stipulation and/or order granting discovery beyond the administrative record.

(x) The parties are currently unaware of any other matters pertinent to the completion of discovery in this case.

(d) The parties believe that referral to mediation may be most productive prior to the dispositive motion deadline.

(e) Dispositive motions should be filed by October 1, 2025. Responses to motions for summary judgment shall be filed no later than November 1, 2025. Replies in support of motions for summary judgment shall be filed no later than December 15, 2025.

(f) In the unlikely event that the action is not resolved through dispositive motions, the earliest date by which this case should reasonably be ready for trial after due consideration of such motions is January 30, 2026.

(g) The parties expect that one to three (1-3) days would be required to try the case to verdict.

(h) There are no other matters for inclusion in this Joint Proposed Scheduling Plan.

Respectfully submitted,

*/s/ Adam J. Olszeski*
Adam J. Olszeski, #MO66126
Davis Olszeski LLP
2704 Locust St., Ste 202
St. Louis, Missouri 63103
PH: (314) 876-7760
Fax: (314) 386-7877
Email: adam@dodisabilitylaw.com

*Counsel for Plaintiff*

*/s/ Iwana Rademaekers (with Consent)*
Iwana Rademaekers, MOED Bar # 16452560T
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January 2025, a true and accurate copy of the foregoing Joint Proposed Discovery Plan was electronically filed with the United States District Court for the Eastern District of Missouri via the Court's CM/ECF system, which will send electronic notice of the filing to the following:

Iwana Radeamaekers
Email: iwana@rademaekerslaw.com

*/s/ Adam J. Olszeski*
Adam J. Olszeski