IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID H. COX** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No.: 4:24-cv-00984-SEP |
| **vs.** | ) | |
| | ) | |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON d/b/a LINCOLN FINANCIAL GROUP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO CLOSE THE ADMINISTRATIVE RECORD**

## I. Introduction

Prior to this lawsuit, Lincoln never opened or reviewed a claim for LTD benefits on behalf of Mr. Cox. After this lawsuit was filed, Lincoln opened a claim for LTD benefits on behalf of (and without notifying) Mr. Cox. On December 3, 2024, Lincoln denied the claim for LTD benefits and notified Mr. Cox of his right to appeal that decision.

The parties agreed to pursue the internal ERISA governed appeal of Lincoln's LTD denial in order to: (1) eliminate the need for Court review if Lincoln were to approve benefits; or (2) generate an administrative record for the Court to review if Lincoln did not approve LTD benefits.

As of the date of this filing, the statutory time for Lincoln to decide the claim has expired and Lincoln has not issued a decision on Mr. Cox's appeal. Pursuant to the regulations this failure to strictly adhere to the regulatory timelines results in the appeal being deemed denied without the exercise of discretion by Lincoln.

Plaintiff moves this Court pursuant to 29 C.F.R. § 2560.503-1(l) to make a finding that Defendant has failed to strictly adhere to the reasonable claim procedures required by Federal

Regulation, in that it exceeded the time period to decide Mr. Cox's appeal. The effect of that failure to make a timely decision is:

1. The administrative appeal is exhausted and deemed denied as of September 16, 2025, without the exercise of discretion by Lincoln.
2. The "administrative record" is closed as of September 16, 2025.
3. The Court will review the denial of Mr. Cox's LTD benefits (and the administrative record) *de novo*.

## II. **Facts**

This lawsuit was initially filed on July 18, 2024. [Doc. #1]. On October 17, 2024, Lincoln unilaterally re-opened Mr. Cox's claim for benefits without notifying him that it had done so. *Exhibit 1 – LTD Claims Notes*.

On December 3, 2024, Lincoln denied the LTD claim it initiated on behalf of Mr. Cox. *Exhibit 2 – LTD Denial Letter*. Counsel for Lincoln and Counsel for Plaintiff agreed to participate in the internal LTD appeal process while continuing to litigate the breach of fiduciary duty claim.

On June 2, 2025, Mr. Cox requested additional time to submit his appeal due to issues obtaining medical records from the eleven treating medical providers that manage and/or contribute to his care. *Exhibit 3 – Request for Additional Time*. That extension was granted by Lincoln.

On July 2, 2025, Mr. Cox submitted his written appeal. *Exhibit 4 – LTD Appeal Letter*. On July 9, 2025, Lincoln tolled the review period until August 8, 2025, and requested additional information from Mr. Cox. *Exhibit 5 – Letter from Lincoln*. Mr. Cox supplemented his appeal and produced additional information requested by Lincoln on July 15, 2025. *Exhibit 6 – Letter to Lincoln*.

On August 8, 2025, Lincoln notified plaintiff in writing that the tolling had concluded and resumed the 45-day appeal deadline. *Exhibit 7 – Letter from Lincoln*. In that letter Lincoln also indicated that it needed additional time to respond to the appeal but failed to state any special circumstances that would establish a right to the additional time. *Id*.

On August 12, 2025, Plaintiff sent a letter to Lincoln requesting an explanation as to: (1) what special circumstances necessitated the additional time; and (2) informing Lincoln that its computation of deadlines did not comply with a plain reading the requirements of 29 C.F.R. § 2560.503-1. *Exhibit 8 – Ten-Day Letter*. Lincolns responded incoherently but stated that 'Your appeal submission was nearly 1000 pages." *Exhibit 9 – Lincoln's Response to Ten-Day letter.*

At this time, the statutory limit upon the appeal review has concluded. No decision has been made by Lincoln as of September 16, 2025, and no special circumstances have been identified to warrant an extension. As such, the internal appeal shall be deemed as denied without the exercise of discretion.

## III. **Argument**

29 C.F.R. § 2560.503-1 establishes that when reviewing claims and appeals for disability benefits, ERISA plan administrators are required to ***strictly*** adhere to all requirements of that section of the regulations. Specifically, 29 C.F.R. § 2560.503-1(l)(2)(i) states:

> (i) In the case of a claim for disability benefits, if the plan fails to ***strictly*** adhere to all the requirements of this section with respect to a claim, the claimant is deemed to have exhausted the administrative remedies available under the plan, except as provided in paragraph (l)(2)(ii) of this section. Accordingly, the claimant is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim. If a claimant chooses to pursue remedies under section 502(a) of the Act under such circumstances, the claim or appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary.

Here, Lincoln has failed to strictly adhere to the timing requirements relating to notifications of benefit determination on review as outlined/required by 29 C.F.R. § 2560.503-1(i). The effect of this failure to strictly adhere to the requirements is that Mr. Cox's appeal is deemed denied without the utilization of discretion. The Court is to review his claim for LTD benefit's *de novo*.

**A. *Pertinent Dates***

- Mr. Cox's appeal was submitted on **<u>July 2, 2025</u>**.
- On **<u>July 9, 2015</u>**, Lincoln Requested additional information relating to the appeal.
- Lincoln applied a deadline of **<u>August 8, 2025</u>**, to submit any additional information requested on July 9, 2025.
- The requested information was submitted on **<u>July 15, 2025</u>**. On this date Mr. Cox also notified Lincoln that he was still trying to obtain more information, which he was never able to do.
- On **<u>August 8, 2025</u>**, Lincoln notified Mr. Cox that his the "tolling" was lifted on August 8, 2025. Lincoln also notified plaintiff that it was taking an additional 45 days to decide the appeal. Lincoln did not provide any special circumstance to justify this extension.
- **<u>August 12, 2025</u>**, Plaintiff sent a letter pursuant to 29 .CF.R. § 2560.503-1(l)(2)(ii) requesting an explanation of Lincoln's calculation of the deadline to decide the appeal and what special circumstances it was relying on for the extension.
- On **<u>August 15, 2025</u>**, Lincoln provided correspondence that it needed additional time due to the large number of medical records submitted by Mr. Cox.

**B. *Pertinent Sub-Sections of 29 C.F.R. § 2560.503-1***

The following provisions of 29 C.F.R. § 2560.503-1 are pertinent to the analysis of whether Lincoln has exceeded the strict deadline to review Mr. Cox's appeal.

- *29 C.F.R. § 2560.503-1(i)(1)(i) as modified by subsection (3)(i)*

- Except as provided in paragraphs (i)(1)(ii), (i)(2), and (i)(3) of this section, the plan administrator shall notify a claimant in accordance with paragraph (j) of this section of the plan's benefit determination on review within a reasonable period of time, but not later than [45] days after receipt of the claimant's request for review by the plan, unless the plan administrator determines that special circumstances (such as the need to hold a hearing, if the plan's procedures provide for a hearing) require an extension of time for processing the claim. If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial [45]-day period. In no event shall such extension exceed a period of [45] days from the end of the initial period. The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the determination on review.

- 29 C.F.R. § 2560.503-1(i)(4)

  - For purposes of paragraph (i) of this section, the period of time within which a benefit determination on review is required to be made shall begin at the time an appeal is filed in accordance with the reasonable procedures of a plan, without regard to whether all the information necessary to make a benefit determination on review accompanies the filing. In the event that a period of time is extended as permitted pursuant to paragraph (i)(1), (i)(2)(iii)(B), or (i)(3) of this section due to a claimant's failure to submit information necessary to decide a claim, the period for making the benefit determination on review shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information.

### C. *Legal Analysis*

1. *<u>The Deadline to Decide Mr. Cox's Appeal is September 16, 2025</u>*

Mr. Cox submitted his appeal for the denial of LTD benefits on July 2, 2025. Lincoln had forty-five days from that date to decide on Mr. Cox's appeal. 29 C.F.R. § 2560.503-1(i)(1)(i) (as modified for application to disability benefit claims by (i)(3)(i)).

On July 9, 2025, Lincoln tolled this deadline by sending written notification and requesting new information from Mr. Cox. Lincoln was entitled to do that pursuant to 29 C.F.R. § 2560.503-1(i)(4). Under that sub-section, the "tolling" only lasted until the new information is submitted. The tolling was extended to August 8, 2025, when Lincoln notified Mr. Cox in writing that the tolling period had concluded.

Nothing in 29 C.F.R. § 2560.503-1(i)(4) – or the standard definition of tolling in the legal profession – indicates that Lincoln's forty-five days to decide Mr. Cox's appeal began after the tolling period ended. Rather, the forty-five-day period began on July 2, 2025, and ran for 7 days until July 9, 2025, when Lincoln

tolled the forty-five-day deadline. On August 9, 2025, the day after the tolling ended the forty-five day period resumed, leaving Lincoln thirty-eight days to decide Mr. Cox's appeal. That deadline was September 16, 2025.

As of the time of this filing, no decision has been communicated to Mr. Cox as required by 29 C.F.R. § 2560.503-1(j). Under 29 C.F.R. § 2560-503-1(l) this is a failure to strictly adhere to the time requirements of the regulations. This has the effect of Mr. Cox's July 2, 2025, appeal being deemed denied without the exercise of discretion by Lincoln.

2. ***Lincoln Has Not Stated a Special Circumstance as Required in Ord to Extend the Forty-Five Day Deadline to Decide Mr. Cox's Appeal as is Required Under to 29 C.F.R. § 2560.503-1(i)***

In its August 8, 2025, Lincoln explained that it needed an additional 45-days to review Mr. Cox's claim in order to obtain the written opinion of a retained medical expert. The request was presumably made under 29 C.F.R. § 2560.503-1(i)(1)(i) as modified by (i)(3)(i), which permits an extension of forty-five days for the review from the date the request was made, though Lincoln failed to cite this regulation as the basis for its request.

To be entitled to an extension of the deadline to decide the appeal the plan must "indicate the ***special circumstances*** requiring an extension of time and the date by which the plan expects to render the determination on review." 29 C.F.R. § 250.503-1(i)(1)(i) (***emphasis added***). Here, Lincoln failed to identify anything constituting a special circumstance or the date upon which the decision would be made.

The retention of medical experts and/or waiting on a written report has been expressly rejected by the Department of Labor as constituting a special circumstance. Rather, special circumstances are only those circumstances that are beyond the control of the plan. *See* The preamble to 65 Fed. Reg. at 70, 250. Furthermore, the special circumstances must be extraordinary and not routine aspects of the appeals process. *Id*. Physician and vocational reviews are commonplace in the review of LTD claims and do not constitute "special circumstances." *Salisbury v. Prudential Ins. Co. of America.*,

238 F.Supp.3d 444, 448 (S.D.N.Y. 2017); *Cogdell v. Reliance Standard Life Ins. Co.*, 748 F.Supp. 3d 391, 399 (E.D. Va. 2024); *Satter v. Aetna Life Ins. Co.*, No. 3:16-cv-1342 (AWT), 2019 WL 2896410 at *6 (D.Conn. Mar. 20, 2019).

Additionally, in response to Plaintiff's August 12, 2025, letter seeking an explanation of Lincoln's deadline calculation, Lincoln expressed the amount of work necessary to complete its review was prohibitive to completing the review in the allotted 45-day period. This is also not a valid special circumstance under 29 C.F.R. § 2560.503-1(i). *See Witt v. Intel Corporation Long-Term Disability Plan*, No. 3:23-CV-01087-AN, 2024 WL 687928, at *3-4 (D. Or. Feb. 16, 2024) ("simply having too much work does not constitute an acceptable justification").

Here, neither of the two "circumstances" cited by Lincoln as justification for additional time to complete the full and fair review of Mr. Cox's appeal are "special circumstances." Rather, they are the normally expected requirements of reviewing a claim for LTD benefits. Lincoln was required to make a determination within the initial 45 day period to decide the appeal. That period was extended through the proper tolling of the deadline under 29 § 2560.503-1(i)(4), but no additional time should be permitted beyond that.

Lincoln's failure to issue a decision regarding the July 2, 2025 appeal was a failure to strictly adhere to the guidelines provided by 29 C.F.R. § 2560.503-1. Under the regulations Mr. Cox's appeal is deemed denied without the exercise of discretion by Lincoln.

## IV. **Conclusion**

As of the date of this filing, Lincoln has failed to "strictly adhere to all the requirements of [29 C.F.R. § 2560.503-1]" in that it has failed to make a timely decision on the appeal submitted on July 2, 2025. 29 C.F.R. § 2560.503-1(l)(2)(i). The result of that failure under a strict reading of 29 C.F.R. § 2560.503-1(l) being:

1. Mr. Cox's administrative appeal is exhausted and deemed denied as of September 16, 2025, without the exercise of discretion authority by Lincoln.

2. The Administrative record is closed as of September 16, 2025, and contains all evidence submitted prior to the date. Any evidence after that date is not to be included in the administrative record or to be reviewed by the Court.
3. The Court will review the wrongful denial of Mr. Cox's LTD benefits (and the administrative record) *de novo*. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103L.Ed.2d 80 (1989).

**Respectfully submitted,**

**DAVIS OLSZESKI, L.L.P.**

*/s/ Adam J. Olszeski*
Matthew R. Davis, #MO58205
Adam J. Olszeski, #MO66126
22704 Locust, Ste. 202
St. Louis, Missouri 63103
(314) 876-7760
Fax: (314) 876-7877
matt@dodisabilitylaw.com
adam@dodisabilitylaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2025, I sent the foregoing to Defendant Lincoln's counsel of record via the Courts electronic filing system.

*/s/ Adam J. Olszeski*