Lincoln
Financial Group®

The Lincoln National Life Insurance Company
Disability and Life Claims
PO Box 2578
Omaha, NE 68103-2578
Phone No.: (800) 213-7649
Secure Fax No.: (603) 422-0119

December 3, 2024

Adam J. Olszeski
Gallagher Davis, Llp
2704 LOCUST ST., STE 202
ST. LOUIS, MO 63103

RE: Long Term Disability (LTD) Benefits
Centene Management Company
Claim #: 16375380
Claimant: David Cox

Dear Adam:

The Lincoln National Life Insurance Company is responsible for managing claims for Long Term Disability (LTD) benefits under Centene Management Company's Group Disability Policy. We are writing in reference to David Cox's claim for LTD benefits under the Policy.

We have completed a thorough review of his eligibility for benefits and have determined that benefits are not payable. Centene Management Company's LTD Policy requires that to be eligible for benefits David must meet the following definition of disability:

> *"**Disability**" or "**Disabled**" means:*
> *1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:*
> *i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
>
> *ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*
>
> *"**Own Occupation**" means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Lincoln will consider the Covered Person's occupation as it is normally performed in the national economy.*

In order to evaluate whether or not David has met the above definition of disability, we reviewed the below medical information from his physician(s):

Medical records and forms from Dr. Simeon Prager dated July 6, 2021 - January 3, 2023
Medical records from Dr. Kumar dated November 17, 2021 - May 9, 2022



EXHIBIT
tabbies®
2

## Physical Medicine and Rehabilitation Review

To clarify the severity of your conditions and current impairments, we referred your file to a consulting physician board certified in Physical Medicine and Rehabilitation for an independent review of the medical records provided for your disability claim. The completed medical review is discussed below.

*The claimant is a 46 male who initially went out of work on 5/14/21. Just prior to this the claimant had increased in low back pain, cervical pain and headaches. He was seen by the chiropractor for manipulation in April of 2021 which did not help. Subsequently the claimant was unable to tolerate the pain and went out of work. The claimant did have radiographs performed on 5/25/21. X-ray of the cervical spine revealed mild to moderate degenerative and endplate changes with moderate disc narrowing at C4 through C7 as well as malalignment of C5 on C6. There was moderate neuroforaminal narrowing on the left at C5-C6 and on the right –C7. X-ray of the thoracic spine was negative. Lumbar spine revealed slight dextroscoliosis with mild to moderate and endplate changes at L4 –L5 and L5 –S1. The claimant continued to have this increased pain and then followed up with his internal medicine physician on 6/3/21. The claimant at this time had taken himself out of work. The claimant reported pain from the ankles to the head at this visit. The treating provider noted that this was not consistent with any medical syndrome. The claimant did have a positive straight leg raise test on exam but otherwise was negative. The note states there was no evidence of a musculoskeletal injury on exam such as limitation in range of motion of the joints. The claimant was taken out of work and was referred to physical therapy and pain management. It was noted that he would need a possible repeat MRI of the lumbar spine.*

*For the claimant's low back pain he did receive a course of physical therapy. This did not help and he was seen by pain management. The claimant ultimately had trials of epidural injections which did not help. He did go for repeat courses of chiropractic care and physical therapy also which did not provide relief. Although he did not really get any relief from his low back pain which had not changed, the claimant reportedly by 5/13/22 asked to return to work. There were never any substantial findings on diagnostic testing or physical exam. Thus, based on the medical records reviewed the pain in the low back did not appear to be impairing requiring any restrictions or limitations.*

*Beside the low back pain the claimant did complain of migraine headaches. The claimant had had these for several years and initially did refuse treatment while he was out of work. He initially did not want referral to neurologist. The claimant did receive Botox injections on 8/19/21, 11/17/21, 2/17/22 5/9/22. The claimant did get significant relief from this and had no exacerbation of headaches. Based on the medical records reviewed there would be no restrictions or limitations related to the headaches as the claimant had had these for years. He had dealt with the headaches and at times did refuse more aggressive treatment. Ultimately he did get relief from Botox injections.*

*Based on the medical records reviewed the claimant also has had a psychiatric history. There is a question as to the psychiatric diagnoses. The claimant reportedly was diagnosed with bipolar disorder and had come off his mood stabilizing medication. This did coincide with his disability. His psychiatrist noted that he did have attention deficit disorder and posttraumatic stress disorder. The psychiatrist did not feel he had bipolar disorder. Despite*

*this, a functional mental status evaluation was performed on 9/10/21 stating that the claimant would be disabled. Any restrictions or limitations as well as impairment related to psychiatric diagnosis would need to be reviewed by psychiatry or neuropsychology.*

*Taking into consideration the above for determination of disability, the claimant has had a long history of back pain and migraine headaches. Based on the records reviewed these pain processes appear to have worsened with his stopping his psychiatric meds. He did not have any significant findings on physical exam or diagnostic testing. There is nothing in the medical record to suggest any significant restrictions and patient related to impairment of low back or headaches that would prevent him from working from 5/17/21 and ongoing.*

**Neuropsychology Review**

To clarify the severity of your conditions and current impairments, we referred your file to a consulting physician board certified in Neuropsychology for an independent review of the medical records provided for your disability claim. The completed medical review is discussed below.

*The insured is a 46-year-old Application Software Engineer of Centene Management Company with a reported date of disability of 5/17/21 secondary to Bipolar Disorder and Attention Deficit Disorder.*

*When examined in totality, the available clinical records contain very limited information regarding the insured' psychiatric or cognitive status since May 2021. According to the earliest records from Dr. Simeon Prager, Internal Medicine, on 6/3/21, the insured reportedly had a pre-existing history of Attention Deficit Disorder, Bipolar I disorder, most recent episode unspecified, Depression, Generalized Anxiety Disorder, and a history of alcohol abuse. His medications at that time included alprazolam 0.25 mg tid prn, Adderall 20 mg qid, and Provigil 100 mg qam. Beyond the fact that he was taking medications presumably for attentional issues and anxiety, symptom descriptions were insufficient to support the presence of Attention Deficit Disorder, Bipolar I Disorder or Generalized Anxiety Disorder as of the date of disability.*

*At the 6/3/21 office visit, the insured endorsed severe symptoms of depression with no reported suicidal ideation on a brief self-report depression screening questionnaire, and Dr. Prager suggested immediate follow up with his psychiatrist, Dr. Jay Liss. Based on his symptom endorsement alone, the insured may have met criteria for an Unspecified Depressive Disorder. The insured also reported significant pain "from his ankles to his head,"but Dr. Prager reported that this report of diffuse pain was not consistent with any medical conditions of which he was aware. This observation raised the potential for somatization to be considered in the differential psychiatric diagnosis, though it was never further evaluated by a psychiatric provider.*

*Although Dr. Prager had suggested immediate follow up with psychiatry on 6/3/21, there was no reference to such having occurred by the 7/6/21 follow up with Dr. Prager. In fact, Dr. Prager made no reference to any psychiatric issues or follow up with any mental health providers on 7/6/21. The first available progress note from Dr. Liss was not until over three months after the reported date of disability, or on 8/30/21. Dr. Liss's note was minimal on that date. He documented diagnoses of Chronic Pain and ADHD, but provided no description of the insured's symptoms, functioning, or mental status presentation. Medications appeared to be*

*unchanged. There was no indication of the severity of depression symptoms that the insured had reported to Dr. Prager 2 ½ months earlier. Given this lack of any exam findings on 8/30/21, there was no way to validate the statements made by Dr. Liss in a Functional Mental Status Evaluation form on 9/10/21 which described the insured as unkempt, with poor grooming, a poor emotional state, disturbed thought content, poor awareness and memory functioning. In documentation around that time, Dr. Liss appeared to vacillate somewhat in describing potential work restrictions and limitations given that he also suggested that an IME would typically be needed to make a disability determination, and he had not performed one.*

*While the insured's pain complaints persisted throughout the course of his claim, there continued to be no evidence for psychiatric impairment in any of the remaining records from Dr. Liss (progress notes 10/20/21 and 4/13/22). Notably, on a Restrictions Form submitted by Dr. Liss on 10/20/21 and then again on 6/1/22, he stated that the insured's disabling diagnoses were physical (Chronic Pain, Persistent Migraine, Asthma, and IBS), and he specifically noted "Not Bipolar." By 5/13/22 when he met with Dr. Prager to request clearance to return to work, the insured did not report any psychiatric symptoms, and his mental status was reported as within normal limits. There were no other descriptions of his psychiatric status in any of the remaining clinical records.*

*Overall, there is insufficient evidence in the available clinical records to establish clear psychiatric diagnoses beyond a possible Unspecified Depressive Disorder and an Unspecified Alcohol Use Disorder in reported complete remission. Available clinical descriptions do not support a history of ADHD, Bipolar Disorder, PTSD, or Generalized Anxiety Disorder. There is insufficient evidence of a severity of symptoms, functional deficits attributable to psychiatric factors, or an intensity of psychiatric treatment that is consistent with debilitating psychiatric impairment or occupational restrictions/limitations. There is no objective cognitive assessment that shows evidence of cognitive impairment. Although the possibility that somatization may be exacerbating the insured's reported symptoms and reported functional limitations, the potential diagnosis of a Somatic Symptom Disorder has not been sufficiently evaluated to support such a condition as a basis for restrictions and limitations.*

**<u>Summary</u>**

Based on the medical documentation received in relation to the requirements of Mr. Cox's occupation, he does not meet the definition of disability outlined above. Thus no benefits are payable and we must deny his claim.

This claim determination reflects an evaluation of the claim facts and the Policy provisions. No internal rules, guidelines, protocols, standards or other similar criteria were relied upon in rendering the claim determination. We reserve the right to make a determination on any additional information that may be submitted.

Under the Employee Retirement Income Security Act of 1974 (ERISA), David may request a review of this denial by writing to the address below:

The Lincoln National Life Insurance Company
Attn: Appeal Review Unit
Group Benefits Disability Claims

P.O. Box 2578
Omaha, NE 68103-2578

The written request for review must be sent within 180 days from the receipt of this letter and state the reasons David feels his claim should not have been denied. In his request for review please include the following documentation:

Office treatment notes, diagnostic test results, restrictions and limitations, operation reports, physical therapy notes from any other providers which we do not already have in our file.

You should also provide any additional information that you feel will support his claim.

Mr. Cox is entitled to receive, upon request and free of charge, copies of all claim file documents relevant to the claim determination. If Lincoln Financial Group does not receive his written request for review within 180 days from the receipt of this notice, our claim decision will be final, his file will remain closed, and no further review will be conducted.

Under normal circumstances, David will be notified of the final decision within 45 days from the date his request is received.

If you require language translation assistance, please contact Lincoln Financial Group to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłįį' dóó ná'ookąąh nííní'ąągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtįįł nínízingo doo bąąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If special circumstances cause a delay in our decision, David will be notified of the final decision no later than 90 days from the date his request is received.

Nothing in this letter should be construed as a waiver of any rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved by Lincoln Financial Group, whether or not they are specifically mentioned herein.

If David has any questions regarding this matter, please contact me.

Sincerely,

Caitlin A.
Associate, Group Claims
Phone No.: (800) 213-7649 Ext. 79551
Secure Fax No.: (603) 422-0119