DAVIS OLSZESKI
LAW

2704 LOCUST ST., STE. 202
ST. LOUIS, MO
63103

July 2, 2025

***Sent via USPS, Email, and Fax***

The Lincoln Life Ins. Co.
Disability and Life Claims
P.O. Box 2578
Omaha, NE 68103-2578
Fax: (603) 422-0119
disabilitydocuments@LFG.com

Re: Claimant: David Cox
Claim #: 16375380
Centene Management Company
Long-Term Disability Benefits

Please allow the following to serve as the appeal of Mr. Cox's wrongfully denied claim for LTD benefits under the above policy.

## Procedural Background

Mr. Cox initially applied for short-term disability (STD) benefits in 2021. Lincoln approved the claim, acknowledging he was unable to perform the material duties of his own occupation.

During the STD claim process, Lincoln assured Mr. Cox that an application for long-term disability (LTD) benefits was being submitted on his behalf. Notes in the STD claim file confirm that an LTD claim was opened but placed on "hold" on or before September 15, 2021.

It is important to note that while STD benefits were paid by Mr. Cox's employer, Centene Management Company, they were administered by Lincoln. In contrast, LTD benefits are both administered and paid for by Lincoln.



EXHIBIT 4

On October 29, 2021—three weeks before the conclusion of STD benefits and Lincoln's liability for LTD benefits would begin—Lincoln denied the STD claim. The denial letter made no mention of the pending LTD claim or that it was on hold.

Mr. Cox submitted an appeal of the STD denial in December 2021, explicitly stating he was also appealing the denial of LTD benefits. The STD appeal was not resolved until May 31, 2023. The decision letter again failed to address the LTD claim.

On July 18, 2024, Mr. Cox filed a lawsuit for breach of fiduciary duty and wrongful denial of STD and LTD benefits. Three months later, Lincoln reopened the LTD claim on October 18, 2024, and denied it on December 3, 2024.

There is no evidence in either claim file that any action was taken on Mr. Cox's LTD claim between September 2021 and October 2024.

**Breaches of Fiduciary Duty**

From the STD and LTD claim files it is clear that Mr. Cox's claim for LTD benefits was opened in September of 2021. It is also clear that a hold was placed on the claim and that it was not reviewed and decided until December of 2024. It is also clear that no communication regarding the hold or the delay was directed to Mr. Cox until the filing of the lawsuit. This delay and failure to communicate are direct violations of the dual duties of loyalty and prudence required by 29 U.S.C. § 1104 and the full and fair claim practices required by 29 C.F.R. § 2560.503-1.

The dual duties of loyalty and prudence that ERISA plan administrators owe to beneficiaries are the highest known to the law. 29 U.S.C. § 1104; and *Braden V. Wal-Mart Stores, Inc.*, 588 F.3d 585, 602 (8th Cir. 2009) (internal citations omitted).

1. *The Duty of Loyalty*

The duty of loyalty obliges Lincoln to deal fairly with Mr. Cox, which includes providing good communication regarding what Lincoln needs to approve benefits, what it is reviewing the claim for, and why it matters to the claim for benefits. *Kalda v. Sioux Valley Physician Partners, Inc.*, 481 F.3d 639, 644 (8th Cir. 2007).

The duty of loyalty also requires a fiduciary to disclose any material information that could adversely affect a participant's interests. *Kalda v. Sioux Valley Physician Partners, Inc.*, 481 F.3d 639, 644 (8th Cir. 2007). (citing *Shea v. Esensten*, 107 F.3d 625, 628

(8th Cir. 1997) and *Eddy v. Colonial Life Ins. Co. of Am.*, 287 U.S. App. D.C. 76, 919 F.2d 747, 750 (D.C. Cir. 1990).

Inherent in this duty is the requirement to appraise the claimant about issues with their claim and information relating to timing of a claim determination and what – if any – action is required from the claimant. *See Kalda*, 481 F.3d at 644.

Both the STD and LTD claim files produced by Lincoln demonstrate that Mr. Cox's LTD claim was opened in September 2021 with what is referred to as a "hold." Neither claim file demonstrate that this "hold" was ever communicated to Mr. Cox. It is also clear that the claim was not decided until December 2024, after Mr. Cox filed suit against Lincoln for the wrongful denial of his LTD and STD benefits.

It is further clear from the claim files that Lincoln was unaware – or did not care – that it had not decided, and constructively, denied Mr. Cox's claim for LTD benefits. The failure to communicate the "hold" to Mr. Cox, inform Mr. Cox that some additional information was needed to lift the hold, or that Mr. Cox had not exhausted his administrative remedies is a direct and obvious breach of the duty of loyalty owed to Mr. Cox.

It is also clear from the STD claim file that Mr. Cox believed he was appealing against the denial of both his STD claim and his LTD claim. This is evidenced in letters sent by Mr. Cox on December 14, 2021, May 13, 2022, and at least two other letters that are undated. This misunderstanding was determinantal to Mr. Cox's claim for LTD benefits. Under the duty of loyalty Lincoln was required to correct Mr. Cox's misunderstanding and inform him of his mistake.

2. *The Duty of Prudence*

The duty of prudence requires Lincoln to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use." 29 U.S.C. § 1104(a)(1)(B).

It is evident from both the LTD and STD claim files that Lincoln placed a "hold" on Mr. Cox's claim for LTD benefits and then forgot about the claim, as it was not reviewed or decided until after Mr. Cox filed suit for constructively denying his claim for LTD benefits.

No reasonable or prudent claims handler should or would ever forget about a claim. There is no evidence in either claim file that any action was taken after the "hold" was placed on Mr. Cox's LTD claim until after Lincoln was reminded of the hold by the filing of the lawsuit.

3. *Full and Fair Review Under 29 C.F.R. § 2560.503-1*

Reasonable claims handling practices are codified at 29 C.F.R. § 2560.503-1. These are supposed to be the bare minimum to establish full and fair review of the beneficiary's claims. It is clear from the claim files that Lincoln has failed to implement or follow these requirements.

29 C.F.R. § 2560.503-1(f) establishes the timeline of when a decision on a claim for benefits *must* be made. Subsection (3) establishes a time period of 45 days to determine LTD benefit claims. That can be extended by 30 days if the plan administrator – i.e. Lincoln – decides additional information is needed from the claimant. It is important to note that at no point do the claims procedures outlined by 29 C.F.R. § 2560.503-1 consider or establish the ability to place a "hold" on a claim for benefits.

The STD claim file establishes that Mr. Cox's claim for LTD benefits was opened no later than September 15, 2021. That would place the absolute latest an initial decision was required to be made at November 29, 2021. No decision was made until December 3, 2024, or 1,100 days after that deadline.

29 C.F.R. § 2560.503-1(b)(7) requires that any individual or expert that is retained to review a claim must be made for the person's expertise and not for the likelihood of returning an opinion that could be used to support a denial of benefits.

The only evidence in the LTD claim file – either in support or denial of benefits – is the opinion of Lincoln employees Nicole H., who performed a vocational analysis, and Dr. David A. Monti, who performed an neuropsychological evaluation. There is no evidence in the claim file to indicate that these Lincoln employees were qualified to make determinations and/or to make sure that they were not retained for the likelihood of returning opinions that could support a denial.

Based on the timing of the opinions and the fact that the LTD claim file was reopened following the filing of a lawsuit it seems likely that they were retained specifically because they would author opinions upon which a denial could be based.

Regardless, it is unclear what evidence was considered by these Lincoln employees as there are no medical records included in the LTD claim file. Nor are there any claim notes indicating that they reviewed the evidence contained in the STD claim file.

It is beyond dispute that Lincoln failed to comply with the bare minimum claim procedures outlines and required by 29 C.F.R. § 2560.503-1.

4. *Inherent Conflict of Interest*

In reviewing Mr. Cox's claim for LTD benefits, Lincoln was operating under an inherent conflict of interest by being both the payer and decider of benefits as outlined by the Supreme Court. *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.C.t 2343, 171 L.Ed.2d 299 (2008).

Lincoln's conflict of interest is heightened in this case by failing to diminish the conflict by hiring third party reviewers to opine on Mr. Cox's claim and only opening Mr. Cox's LTD claim after a lawsuit was filed for the wrongful denial of those benefits. See *Evans v. United of Omaha Life Ins. Co.*, 827 F.Supp.2d 955, 962 (S.D. Iowa 2011); and *Geiger v. Aetna Life Ins. Co.*, 845 F.3d 357, 364-65 (7th Cir. 2017) (holding "conflicts carry less weight when the insurer took active steps to reduce potential bias and to promote accuracy").

This inherent conflict of interest is also exacerbated by the timing of Lincoln's denial of STD benefits, which occurred three weeks prior to the beginning of the LTD coverage. There is no evidence in either the LTD or STD claim file to suggest that Mr. Cox experienced a sudden or even gradual improvement of his condition. The enclosed medical records demonstrate that – in spite of ongoing physical therapy and other medical care and treatment – Mr. Cox's condition had worsened.

**Mr. Cox's Right to LTD Benefits**

The only reason provided for the denial of LTD benefits was that Mr. Cox was not disabled from his own occupation, and thus did not meet the definition of disability in the policy. This conclusion is incorrect.

1. ***Mr. Cox's Medical History***

Mr. Cox became unable to perform the material duties of his own occupation on May 17, 2021. This disability is due to a number of diagnosis and ailments. They include, but are not limited to:

- Vertebrogenic low back pain
- Somatic dysfunction of lumbar/pelvic regions
- Cervical and lumbar radiculopathy

- Hip Dysfunction
- Migraines
- Asthma
- Allergies
- Bipolar disorder
- Anxiety
- ADHD
- Depression
- Sleep impairments

The collective affect of these conditions is that Mr. Cox is left with sub-sedentary functionality. Specifically, with only ability to stand, walk, and sit for periods that do not meet the times necessary for sedentary work as defined by the Code of Federal Regulations.

These restrictions can be identified in the enclosed medical records as follows:

- Significant difficulties with prolonged sitting and walking – Advanced Training and Rehab Records May 2025

- Limit prolonged sitting or standing and avoiding of lifting more than ten pounds – Sports Medicine Records May 2025

- Unable to sit for longer than 30 minutes without exacerbating pain symptoms – Chiropractic Records June 2025

- Asthma and allergic rhinitis interferes with Mr. Cox's ability to assert himself physically – SLU Care Pulmonology June 2025

- Advised against any lifting, carrying or repetitive bending – Pain management Hugh Berry, Md. June 2025

- Documented cognitive fatigue, poor concentration and sleep disruption by Dr. Simeon Prager

This residual sub-sedentary functionality is exacerbated when combined with the mental nervous conditions and the ongoing pain and inability to focus caused by the persistent migraines.

2. *Vocational Analysis*

This appeal will be supplemented with additional vocational evidence within twenty-one days of the date of this letter.

## Conclusion

Lincoln's denial of LTD benefits was procedurally flawed, fiduciary unsound, and substantively unjustified. The weight of medical evidence, coupled with Lincoln's mishandling of the claim, compels a reversal of the denial and immediate award of LTD benefits to Mr. Cox

Respectfully,

Adam J Olszeski

*Enclosures*