DAVIS OLSZESKI
LAW

2704 LOCUST ST., STE. 202
ST. LOUIS, MO
63103

August 12, 2025

***Sent via USPS, Fax and Email***

Heather C.
The Lincoln Nat. Life Ins. Co.
P.O. Box 2578
Omaha, NE 68103-2578
Fax: (888) 437-7611
Email: disabilitydocuments@lfg.com

Re: Long Term Disability (LTD) Benefits
Centene Management Company
Claim #: 16375380
Claimant: David Cox

Dear Heather C.:

This letter is being sent in response to your letter dated August 8, 2025, and ***pursuant to 29 C.F.R. § 2560.503-1(l)(2)(ii) and is requesting a written explanation of Lincoln's proposed deadline to decide Mr. Cox's appeal.*** The information and deadlines provided in your letter do not comply with Federal Regulations

## Pertinent Dates

- Mr. Cox's appeal was submitted on July 2, 2025.
- On July 9, 2015, Lincoln Requested additional information relating to the appeal.
- The requested information was submitted on July 15, 2025.



EXHIBIT
tabbies
8

- Lincoln applied a deadline of August 8, 2025, to submit any additional information requested on July 9, 2025.

## Pertinent Provisions of 29 C.F.R. § 2560.503-1

- *29 C.F.R. § 2560.503-1(i)(1)(i) as modified by subsection (3)(i)*
  - the plan administrator shall notify a claimant in accordance with paragraph (j) of this section of the plan's benefit determination on review within a reasonable period of time, but not later than [45] days after receipt of the claimant's request for review by the plan, unless the plan administrator determines that special circumstances (such as the need to hold a hearing, if the plan's procedures provide for a hearing) require an extension of time for processing the claim.

- 29 C.F.R. § 2560.503-1(i)(4)

  - For purposes of paragraph (i) of this section, the period of time within which a benefit determination on review is required to be made shall begin at the time an appeal is filed in accordance with the reasonable procedures of a plan, without regard to whether all the information necessary to make a benefit determination on review accompanies the filing. In the event that a period of time is extended as permitted pursuant to paragraph (i)(1), (i)(2)(iii)(B), or (i)(3) of this section due to a claimant's failure to submit information necessary to decide a claim, the period for making the benefit determination on review shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information..

## Pertinent Legal Information

- *Satter v. Aetna Life Ins. Co.*, No. 3:16-CV-1342(AWT), 2019 WL 2896410, at *6 (D. Conn. Mar. 20, 2019)

  - Court interpreting the "special circumstances" language of 29 C.F.R. § 2560.503-1(i)(1)(i) held that a plan administrators failure to obtain a reviewing physician's opinion within the time limits of 29 C.F.R. § 2560.503-1(i) for deciding an appeal of an adverse benefit determination was not a "special circumstance.

- The preamble to <u>65 Fed. Reg. at 70, 250</u>
    - The preamble states that "an extension may be imposed only for reasons beyond the control of the plan." And goes on to state that reviewing medical records or obtaining

**<u>Legal Analysis of Lincoln's Deadline to Decide Mr. Cox's Appeal</u>**

Pursuant to 29 C.F.R. § 2560.503-1 subsections (i)(1)(i), (i)(3)(i), and (i)(4). Lincoln has fort-five days from July 2, 2025 to decide the appeal. That was the date the appeal was submitted via fax, and received by Lincoln. Even though additional information was produced on July 15, 2025, this does not have any effect on the date to decide the appeal under 29 C.F.R. § 2560.503-1(i)(4), which states in pertinent part:

> the period of time within which a benefit determination on review is required to be made shall begin at the time an appeal is filed in accordance with the reasonable procedures of a plan, *<u>without regard to whether all the information necessary to make a benefit determination on review accompanies the filing</u>*.

On July 7, 2025, Lincoln tolled this deadline under 29 C.F.R. § 2560.503-1(i)(4), which states in pertinent part:

> In the event that a period of time is extended as permitted pursuant to paragraph (f)(2)(iii) or (f)(3) of this section due to a claimant's failure to submit information necessary to decide a claim, the period for making the benefit determination shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information.

As is clearly stated, this toll is only in place for the duration indicated, or until the necessary records are produced. Further, the toll does not eliminate any time that may have already passed under the forty-five day deadline.

In its July 9, 2025 correspondence, Lincoln indicated that the review of the appeal would be tolled until – at the very latest – August 8, 2025. No additional records from Dr. Barry were submitted by myself prior to the deadline of August 8, 2025, and as indicated

in your correspondence of August 8, 2025, the toll was lifted. As if August 9, 2025 – the day after the toll lifted, Lincoln had 38 days to decide Mr. Cox's appeal.

In that same letter you indicate that Lincoln needs additional time to decide the appeal due to the need to obtain the opinion of a medical practitioner. Presumably, Lincoln is making this request for an additional forty-five days under the provisions of 29 C.F.R. § 2560.503-1(i)(1), as modified by subsection (i)(3)(i) for disability claims, which permits an extension of time only under "special circumstances."

As is stated clearly above, the need to obtain a medical opinion does not constitute a special circumstance under the DOL regulations. The exclusion of the need to obtain a medical opinion from the classification of "special circumstances" has been upheld by the courts.

Additionally, even if the "special circumstances" extension of time were to apply, 29 C.F.R. § 2560.503-1(i)(1) clearly establishes that: (1) the additional time, runs from the date the additional time was requested; and (2) shall not exceed forty-five days from the expiration of the first forty-five-day determination period. Your claim to have 90 days from August 8, 2025, to decide the appeal is patently false.

Per the statutes, Lincoln had forty-five days from July 2, 2025, to decide Mr. Cox's appeal. On July 9, 2025, Lincoln tolled that forty-five days up to and including August 8, 2025. At the time it had tolled the forty-five-day deadline, seven days had already elapsed. Making the deadline to determine Mr. Cox's appeal 38 days from August 9, 2025. The new deadline to decide Mr. Cox's appeal is **SEPTEMBER 16, 2025**.

Because obtaining the medical opinion is not a "special circumstance" Lincoln is not entitled to the additional forty-five days requested in the letter.

Pursuant to 29 C.F.R. § 2560.503-1(l)(2)(ii) please provide written explanation within 10 days of this letter explaining why Lincoln believes it is entitled to the entire time that intends to take and what it believes the deadline for a decision upon the appeal should be.

Failure to respond to this letter will result in the exhaustion of Mr. Cox's administrative remedies under the plan without Lincoln utilizing its discretionary authority, and proceedings will resume in the Eastern District of Missouri.

Respectfully,

Adam J. Olszeski

*Enclosures*